**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

IN THE MATTER OF MARY )
LOU FIENI. ) C.A. No: N14M-01-046 FSS
)

Submitted: March 27, 2014
Decided: June 30, 2014

**ORDER**

***Pro Se Request for Prompt Production of Records – DENIED***

Ms. Fieni was examined by a defense medical expert, Dr. Townsend, for an Unemployment Insurance Appeals Board hearing. Now, she claims Dr. Townsend refuses to produce her medical records, as required by statute.[1] Because Ms. Fieni did not follow the statutory request procedures, the court will deny her petition.

Ms. Fieni suffered a work injury in April 2007 when she slipped and fell on a waxed floor, injuring her right leg, her lower back, and other body parts. In March 2011, Ms. Fieni was diagnosed with CRPS, which her expert attributed to her 2007 slip-and-fall. Based on that, through counsel, Ms. Fieni filed a Petition to Determine Additional Compensation Due. For that case, Ms. Fieni's former employer retained a medical expert, Dr. Townsend. Dr. Townsend saw Ms. Fieni once, to prepare his

---

[1] 10 *Del.C.* § 3926

testimony, and he reviewed her medical records for the UIAB case. From this, Dr. Townsend opined at the Board's hearing that Ms. Fieni did not have CRPS/RSD. The Board denied Ms. Fieni's petition on June 14, 2013. This court affirmed April 29, 2014, finding the Board's decision was "supported by substantial evidence and lawful."[2]

Meanwhile, on February 4, 2014, Ms. Fieni filed this petition stating, "I Mary Lou Fieni would like to have my medical record and I want the mistake fixed on them." On February 11, 2014, the court wrote to Mr. Carmine, as the petition's accompanying documents suggested he might represent Dr. Townsend. Mr. Carmine replied February 17, 2014 stating that although he did not represent Dr. Townsend, his office had previously sent all of Dr. Townsend's reports to Ms. Fieni. Ms. Fieni wrote to the court on March 12 and 24, 2014 essentially complaining that she still has not received her records and Dr. Townsend's testimony contained errors.

Pursuant to 10 *Del.C.* § 3926, "A health care provider who receives an appropriate authorization ... shall produce a true and correct complete copy of the requested medical records." The court may enforce the law, but the law does not give the court power to order Dr. Townsend to change medical records, regardless of whether there are mistakes in them. Anyway, Ms. Fieni's petition is problematic for two related reasons: one technical, one substantive. Technically, Ms. Fieni failed to follow the

---

[2] *Fieni v. Catholic Health E.*, 2014 WL 2444795 (Del. Super. 2014).

statutory procedure for requesting records. Substantively, her petition is unclear about what records she believes exist beyond what she has received.

Section 3926 lays out the procedure for requesting records. The patient must provide the doctor with a signed authorization. The doctor then has 45 days to provide the records. If the records are not properly provided, the patient must file a motion for the court to enforce the request by court order within 60 days of the original request.

At the threshold, the court assumes without deciding that Ms. Fieni, who did not treat with Dr. Townsend, was nonetheless his "patient" for the law's purposes. Considering that Dr. Townsend's examination was entirely for litigation, the threshold assumption is dubious. Anyway, Ms. Fieni appears to have requested her records by email on December 18 and 26, 2013. These informal requests, however, do not satisfy the statute's signed authorization requirement. Without a proper request, the records statute is not triggered.

Further, it appears Dr. Townsend, through Mr. Carmine, turned over all records. Ms. Fieni seems to distinguish between "medical reports," which she admits receiving, and "medical records," which she claims she has not received. If Ms. Fieni believes Dr. Townsend still has medical records she has not yet received, she must follow the statute's procedures before the court can intervene. Ms. Fieni must specify

3

in the signed authorization what records she believes Dr. Townsend has. It bears repeating, however, that this court has no jurisdiction to amend, alter, change, or correct records, even if they are inaccurate.

For the foregoing reasons, Ms. Fieni's Pro Se Request for Prompt Production of Records is **DENIED without prejudice** to submitting a proper request to Dr. Townsend. Then, Dr. Townsend will respond as the law requires, or not. If Ms. Fieni does not receive a response or she believes it is incomplete, then, and not before then, she has leave to file one, and only one, petition, which must specify precisely what she has received and what she believes is still missing.

As explained, the court will not further consider, nor will it address, more claims about the records' alleged inaccuracies. Further, Ms. Fieni should be aware that the Prothonotary **SHALL** reject any supplemental filings beyond the one called for here. While the court appreciates that Ms. Fieni is representing herself and it will be gracious, it will not allow itself to be put upon.

**IT IS SO ORDERED.**

/s/ Fred S. Silverman
Judge

FSS:khs
oc:   Prothonotary (Civil)
      Andrew Carmine, Esquire (courtesy copy)